USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 7/21/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCINE MOCCIO,

Plaintiff,

-v.-

CORNELL UNIVERSITY, et al.,

Defendants.

09 Civ. 3601 (GEL)

**OPINION AND ORDER**

David Marek, Liddle & Robinson, LLP, New York, NY, for plaintiff.

Nelson E. Roth, Valerie Cross Dorn, and Wendy E. Tarlow, Cornell University, Ithaca, NY, for defendants.

GERARD E. LYNCH, District Judge:

Plaintiff Francine Moccio brings this action against defendants Cornell University, New York State School of Industrial and Labor Relations, and Harry C. Katz, alleging gender discrimination, defamation, "false light" invasion of privacy, and breach of contract. Defendants now move to dismiss the defamation and invasion of privacy claims, both of which arise from a letter explaining defendants' decision to terminate a university program run by plaintiff. For the reasons discussed below, the motion will be granted.

## BACKGROUND

### I. The Relevant Dispute

The facts set forth below are based on the allegations in the complaint, which are assumed to be true for purposes of resolving this motion to dismiss, as well as the documents

integral thereto.[1]

In 1990, plaintiff Francine Moccio was hired by defendant Cornell University as a Senior Extension Associate for the University's School of Industrial and Labor Relations (the "ILR School"). (Am. Compl. ¶ 2.) During her tenure, she also served as director of the Institute for Women and Work ("IWW"), a research, advocacy, and educational forum for working women in New York State. (Id. ¶ 11.)

On October 31, 2008, defendant Harry Katz – dean of the ILR School – notified Moccio that because of a mid-year cut in the New York State budget, the University would be closing the Workforce, Industry and Economic Development thematic area, which included the IWW, and laying off all senior extension associates. (Id. ¶¶ 2, 29.) Katz further advised Moccio that – in light of this development – her employment would terminate on June 30, 2009. (Id.)

On November 11, 2008, Katz wrote to the members of the President's Council of Cornell Women "explain[ing] the reasons for recent programmatic changes affecting the [IWW]." (Tarlow Aff. Ex. 2 at 1.) In particular, his letter stated (id. at 1-2):

> The [IWW] was affected by changes in programmatic activities at the ILR School carried out this fall in response to the severe financial pressures facing the School and Cornell University. The ILR School made a strategic decision to end the Workforce, Industry, and Economic Development (WIED) thematic team, in which the IWW is housed. ILR has suspended the activities of the IWW as of June 30, 2009. The IWW did not cover its full costs, the WIED team had been running large budget deficits for a number of years, and there was no indication that the team was moving to achieve financial sustainability.

[1] Because defendants seek to dismiss only the defamation and "false light" invasion of privacy claims, this Opinion need not recount the facts giving rise to plaintiff's discrimination and breach of contract claims.

Financial pressures arose from reductions in New York State funding to the Cornell statutory colleges, losses in revenue within the ILR Extension division due to the ongoing recession, and long-standing financial problems in the ILR Extension Division.

In late October a reduction in force was implemented at ILR as part of programmatic adjustments carried out to deal with financial pressures. In total, 17 ILR Extension senior research associates and staff across the ILR School were affected by the reduction in force. In addition, some administrative staffing adjustments were made across the School to respond to programmatic changes and to help create more efficiencies and economies in the ILR Extension administration function. No offices in the ILR Extension Division were closed, and the School maintains its commitment to having a presence across New York State.

In these tough economic times, ILR has to make difficult decisions to address what has become a multi-year problem and to ensure the long-term financial stability of the School. This involves scaling back in some areas and growing those programs that can strengthen the School, help us to best use our existing strategic advantage, and expand those areas where we hope to make the most significant future impact.

Progress toward a balanced budget and diversified funding are [*sic*] an expectation for all Extension programs. ILR made decisions based in part on the ability of Extension programs over the last several years to become self-supporting through training program revenues and/or grant and other outside funding support. The School also looked at other more programmatic-based criteria: trends in enrollment and market demand for services, the likelihood of future programmatic impact, especially on a national and international level, and signs of and success developing collaboration with ILR academic faculty as well as other university, government, union and corporate partners.

These issues were considered very carefully, in consultation with the ILR Extension thematic and administrative leads, as decisions were made about the affected programs.

I hope you can appreciate that these decisions were not made lightly. Please know that ILR recognizes how important it is to continue to focus on women and work issues as we move forward. Please feel free to contact me if you have any questions.

## II. Procedural History

Plaintiff commenced this action on April 8, 2009. Shortly thereafter, she filed an amended complaint, alleging, inter alia, that the statements contained in Katz's November 2008 letter render defendants liable for defamation and "false light" invasion of privacy. (Am. Compl. ¶¶ 57-67.) On May 14, 2009, defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss portions of the complaint for failure to state a claim.

Defendants contend that Moccio has failed to state a claim for defamation because the statements contained in the November 2008 letter do not concern, much less defame, her, and because she has not pleaded special damages or demonstrated that the letter constitutes libel per se. (D. Mem. 6-12.) Defendants further contend that because "false light" invasion of privacy claims are not cognizable under New York law, Moccio's false light claim must also be dismissed. (Id. 13-14.)

In response to defendants' claims, Moccio argues that because those who knew her would have understood her to be the target of the statements contained in the letter, the letter concerns her. (P. Opp. 3-7.) She also argues that the letter intimates that she "failed to perform her job at even the most basic level" and is therefore "susceptible of a defamatory connotation." (Id. 8.) Finally, Moccio asserts that the statements contained in the letter alleging that she was "incompetent or unfit to perform her profession" are per se defamatory and thus relieve her of the need to plead special damages. (Id. 10-11.) Moccio's response does not address defendants' objections to her "false light" claim.

## DISCUSSION

### I. 12(b)(6) Motion to Dismiss Standard

A motion to dismiss for failure to state a claim "tests the facial legal sufficiency of the complaint," Rolls-Royce Motor Cars, Inc. v. Schudroff, 929 F. Supp. 117, 121 (S.D.N.Y. 1996), and will be granted only where the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). When deciding such a motion, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009); Brady v. Calyon Securities (USA), 406 F. Supp. 2d 307, 311 (S.D.N.Y. 2005). While the contents of the complaint generally govern resolution of a 12(b)(6) motion, a court may also "consider documents attached to the complaint as exhibits or incorporated in it by reference." Brady, 406 F. Supp. 2d at 312; see also Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). Even where "'a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' [a] court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (first alteration in original), quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). Doing so does not convert the motion to one for summary judgment. Id.

### II. Defamation

"Defamation in word or print is cognizable in an action for libel." Rosenberg v. MetLife, Inc., 453 F.3d 122, 123 n.1 (2d Cir. 2006). In order to prevail in such an action, a plaintiff must

establish five elements: (1) "a written defamatory statement of fact concerning the plaintiff,"[2] (2) "publication to a third party," (3) "fault (either negligence or actual malice depending on the status of the libeled party)," (4) "falsity of the defamatory statement," and (5) "special damages or per se actionability (defamatory on its face)."[3] Celle v. Filipino Reporter Enters. Inc., 209 F.3d 163, 176 (2d Cir. 2000); see also Rosenberg, 453 F.3d at 123 n.1.

Defendants assert that because the statements at issue in this dispute do not concern Moccio, and because Moccio has not pleaded special damages, her claim for defamation must be dismissed. (D. Mem. 6-12.) While determining whether an allegedly defamatory statement concerns a plaintiff ordinarily presents a factual question, the contents of the letter at issue in this dispute demonstrate that – as a matter of law – Moccio cannot meet the "of and concerning" requirement. See Anyanwu v. Columbia Broadcasting Sys., Inc., 887 F. Supp. 690, 692 (S.D.N.Y. 1995) ("The 'of and concerning' requirement is generally a question of fact for the jury, although it can be decided as a matter of law where the statements 'are incapable of supporting a jury's finding that the allegedly libelous statements refer to a plaintiff.'") (quotation omitted).

---

[2] This requirement is often referred to as the "of and concerning" requirement. See, e.g., Kirch v. Liberty Media Corp., 449 F.3d 388, 398-400 & n.3 (2d Cir. 2006).

[3] To prove special damages, a plaintiff must show a "loss of something having economic or pecuniary value which . . . flow[s] directly from the injury to reputation caused by the defamation." Celle, 209 F.3d at 179, quoting Matherson v. Marchello, 100 A.D.2d 233, 235, 473 N.Y.S.2d 998 (2d Dep't 1984). This showing need not be made, however, where the defamation is per se actionable, such as where "a writing . . . tends to disparage a person in the way of his office, profession or trade," Davis v. Ross, 754 F.2d 80, 82 (2d Cir. 1985) (emphasis omitted), or accuse him of having committed a crime. Meloff v. New York Life Ins. Co., 240 F.3d 138, 145 (2d Cir. 2001)

To determine whether Moccio has sufficiently pleaded the "of and concerning" requirement, "th[is] Court must consider whether those who know [her], upon reading the statements, would know that [s]he was the target of the allegedly libelous statement." Id.; see also Whitney Info. Network, Inc. v. Weiss, No. 06 Civ. 6569, 2008 WL 731024, at *5 (E.D.N.Y. Mar. 18, 2008). According to applicable case law, absent some accusation of disreputable conduct or reprehensible character imputed to her personally, Moccio cannot satisfy this requirement solely by pointing to statements made about the program she directed. See, e.g., El Meson Espanol v. NYM Corp., 521 F.2d 737, 739 (2d Cir. 1975) ("[A] publication defamatory of a place or product is not a libel against its owner unless the owner himself is accused of disreputable conduct."); id. at 739-40 (collecting cases); Am. Benefits Corp. v. Admin. Consultants, Inc., No. 87 Civ. 1797, 1989 WL 129495, at *10 (S.D.N.Y. Oct. 26, 1989) (holding that because the claimants were not mentioned in the allegedly libelous remarks, they could recover only if the remarks "impute[d] to them 'personal misconduct or reprehensible character'").

Here, it is beyond dispute that Katz's November 2008 letter does not refer to Moccio in any way, much less impute to her disreputable conduct or reprehensible character. To the contrary, the remarks contained in the letter concern only the WIED and the IWW. Even if those who knew Moccio understood that she was the director of the IWW, there is no basis for concluding that they would have assumed her to be the target of the allegedly libelous statements, as the letter makes clear that the impetus for discontinuing the WIED and the IWW was the "severe financial pressure[]" caused by the recession and "long-standing financial problems in the ILR Extension Division," not mismanagement, poor job performance, or any other "bad" act by Moccio or her counterparts. In light of these facts, Moccio cannot

demonstrate that the allegedly defamatory statements concern her.[4] Accordingly, defendants' motion to dismiss her defamation claim is granted.

## II. "False Light" Invasion of Privacy

Defendants next argue that because New York courts do not recognize claims for "false light" invasion of privacy, plaintiff's "false light" claim must also be dismissed. (D. Mem. 13-14.) Whatever the merit of this argument, plaintiff has abandoned the "false light" claim, as her motion papers fail to contest or otherwise respond to defendants' contention. See Moody v. Morris, 608 F. Supp. 2d 575, 583 (S.D.N.Y. 2009) (deeming plaintiff's claim abandoned where plaintiff's motion papers failed to respond to defendants' objection to the claim); Lipton v. County of Orange, N.Y., 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's defamation and "false light" invasion of privacy claims is granted.

SO ORDERED.

Dated: New York, New York
July 20, 2009

GERARD E. LYNCH
United States District Judge

[4] Because the allegedly defamatory statements do not concern Moccio, it is unnecessary to decide whether the statements could be considered per se defamatory and thus relieve her of the need to plead special damages.